IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MILTON GIVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-036 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

───────────────────────────────────────────────

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
───────────────────────────────────────────────

Milton Givens appeals the decision of the Acting Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.      BACKGROUND**

Plaintiff is a fifty-four year old male born on March 31, 1962. Tr. ("R."), p. 267. He graduated from high school in a special education program, and has worked as a gravedigger,

---

[1]The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk of Court to substitute Nancy A. Berryhill as Defendant.

janitor, and service truck driver. R. 311. He never married, and lives alone. R. 43. Consistent with these indicators, the only full scale IQ score in the record is a score of 57, well within the range of scores indicating a mental impairment. R. 513.

Plaintiff protectively applied for DIB and SSI on September 14, 2010, alleging a disability onset date of August 31, 2010. R. 267. The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 99-118, 137-150. After a hearing before an Administrative Law Judge ("ALJ"), R. 61-98, the ALJ rendered an unfavorable decision on October 26, 2012. R. 119-32. Plaintiff then requested the Appeals Council ("AC") review the ALJ's decision, and the AC vacated and remanded for further proceedings. R. 133-36. On remand, the ALJ held a second hearing. R. 32-60. In a second opinion dated November 14, 2014, the ALJ determined Plaintiff was not disabled. R. 18-25. Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 31, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq*. and 416.921 *et seq*.).

R. 18-25.

Because the ALJ determined that Plaintiff did not have a severe impairment or combination of impairments, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from August 31, 2010, through November 14, 2014 (the date of the decision). R. 25. When the AC denied Plaintiff's request for review of the second ALJ decision, R. 1-3, the Commissioner's decision

2

became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Having failed to convince the AC to review his case a second time, Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ erred at step two of the sequential process because he (1) rejected the diagnoses of mild mental deficiency and mixed mood disorder by consultative examining psychologist Dr. Marvin Long, and (2) found that Plaintiff suffered from no mental impairment at all, much less one that is severe. (See doc. no. 10, ("Pl.'s Br.").) The Commissioner maintains the ALJ's decision is supported by substantial evidence and should be affirmed. (See doc. no. 11, ("Comm'r's Br.").)

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894

F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Plaintiff's Burden at Step Two of the Sequential Process Is Mild, and Only the Most Trivial Impairments May Be Rejected.

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. §§ 404.1521(a) and 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

4

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(4) Responding appropriately to supervision, co-workers and usual work situations; and

(5) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects his ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). At the second step of the sequential evaluation process:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520(c) and 416.920(c). However, the severity test at step two of the sequential process is designed to screen out only groundless claims. Tuggerson-Brown v. Comm'r of Soc. Sec., 572 F. App'x 949, 950 (11th Cir. 2014). The severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working." Stratton v. Bowen, 827 F.2d 1447, 1452 & n.9 (11th Cir. 1987) (citation omitted).

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (citing Brady, 724 F.2d 914). Under this test,

> an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to

5

interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild." Id. Although "the 'severity' of a medically ascertainable disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standard of bodily perfection or normality," McCruter, 791 F.2d at 1547, the Eleventh Circuit has acknowledged that a finding a claimant's impairments are not severe is "unusual." Gray v. Comm'r of Soc. Sec., 426 F. App'x 751, 753 (11th Cir. 2011).

### B. The ALJ's Severity Determination as to Plaintiff's Mild Mental Deficiency is Not Supported By Substantial Evidence.

The ALJ gave no evidentiary value to Dr. Long's diagnoses that Plaintiff suffered from mild mental deficiency and mixed mood disorder secondary to chronic pain. R. 23-24. Instead, the ALJ found Plaintiff's mental deficiency was a non-medically determinable impairment and there was "no valid objective findings to establish the existence of a cognitive disorder." R. 24. In support, the ALJ stated Plaintiff's adaptive functioning was higher than his IQ score indicated, Dr. Long suggested the score was an underestimation of Plaintiff's abilities, and Plaintiff was not illiterate as demonstrated by his work as a delivery driver. R. 23-24. Contrary to the ALJ's determination, the evidence is substantial and compelling that Plaintiff's mild mental deficiency was at a minimum, a medically determinable impairment. This is clear from Dr. Long's evaluation and Plaintiff's hearing testimony.

#### 1. The ALJ's Rejection of Dr. Long's Opinion is Not Supported by Substantial Evidence.

Dr. Long evaluated Plaintiff on October 9, 2012. R. 510. Plaintiff received a full-scale

6

IQ score of 57, which Dr. Long opined was "quite low." R. 513. Dr. Long also opined Plaintiff "had major difficulty with attending, concentration, [and] immediate recall . . . [and] worked very slow[ly] on all production activities requiring excessive time on everything." Id. Dr. Long noted Plaintiff "never could read or write very much in school and never did reach a functional level." Id. Consistent with this finding, Dr. Long evaluated Plaintiff's reading and spelling abilities and determined they were below first grade level, and his arithmetic was also at an elementary level. R. 514. A family member completed a collateral information form, and stated Plaintiff was unable to read, didn't do well in school, and was in special education classes. R. 311, 511.

Dr. Long stated his evaluation was an "under-estimation" of Plaintiff's capabilities, but noted Plaintiff was "restricted throughout [his] lifetime." R. 515. Dr. Long opined Plaintiff's adaptive capability was "somewhat higher" than was assessed, but that Plaintiff still "exhibit[ed] major difficulty with formalized testing." Id. Dr. Long suggested Plaintiff's academic limitations would "restrict[] him to labor and hands on type job situations." R. 516. In light of these findings, Dr. Long diagnosed Plaintiff with mild mental deficiency and mixed mood disorder secondary to chronic pain. Id.

In rejecting Dr. Long's diagnoses and assigning his opinion no weight, the ALJ pointed to Dr. Long's statements that Plaintiff exerted inconsistent effort, there were validity issues with the assessment, and Plaintiff's adaptive functioning was higher than his test scores indicated. R. 23-24. However, Dr. Long specifically accounted for these issues in his evaluation, and despite them, rendered diagnoses of mild mental deficiency and mixed mood disorder secondary to chronic pain. R. 510-15. Indeed, in assigning Dr. Long's opinion no weight, the ALJ failed to discuss or consider Dr. Long's other statements that Plaintiff was "restricted throughout [his]

7

lifetime," "exhibit[ed] major difficulty with formalized testing," had "significant limitations in terms of general ability," and had "major difficulty with attending, concentration, [and] immediate recall." Id. The ALJ did not offer any explanation for rejecting these findings, and "it is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence." McCruter, 791 F.2d at 1548; see also Lewis v. Colvin, No. 1:15-CV-1483-WSD, 2016 WL 3996241, at *9 (N.D. Ga. July 26, 2016) (finding ALJ's decision to give no weight to portions of consultative examining psychologist opinion was required to be clearly articulated and supported by evidence). Thus, the ALJ's complete rejection of Dr. Long's opinion to find Plaintiff's mild mental deficiency a non-medically determinable impairment is not supported by substantial evidence.

### 2. Plaintiff's Hearing Testimony

The ALJ also cites Plaintiff's employment as an auto parts delivery driver as a reason to discredit Dr. Long's finding that Plaintiff struggled with literacy. R. 23. However, Plaintiff's hearing testimony provides support for Dr. Long's findings. At the hearing, Plaintiff testified he was placed in special education early in his school career because he "was a slow learner about reading and writing." R. 38. Plaintiff maintained he still struggled with reading and relied on friends to provide guidance. Id. Although Plaintiff worked as a gravedigger, Plaintiff maintained he was unable to operate the backhoe because he was unable to learn the labels on the tractor. R. 40. Plaintiff further testified he could not read a newspaper. R. 45.

The ALJ noted Plaintiff had a driver's license which required passing a test, and that Plaintiff's work as an auto parts driver required him to "understand road signs, invoices, and obtain signatures from recipients at appropriate places when delivering parts." R. 45. However,

8

Plaintiff testified he relied on family members who knew of his reading struggles to assist him in obtaining a driver's license, and that his reading struggles continued while he was employed as a delivery driver. Plaintiff testified he relied on his supervisors or coworkers for verbal directions, and otherwise relied heavily on visual cues. Id. Plaintiff further testified he often relied on individuals to "stand outside on the street" so he could determine where to deliver materials. Id. Plaintiff's hearing testimony does not support the ALJ's finding that Plaintiff's work experience as a delivery driver demonstrated Plaintiff was literate, and does not support the ALJ's decision to completely reject Dr. Long's findings. R. 45.

In sum, as the ALJ stopped his evaluation at step two of the process, he determined any mental impairment was "trivial" and "could not possibly prevent Plaintiff from working." See McDaniel, 800 F.2d at 1031. However, the ALJ erred in evaluating and weighing Dr. Long's opinion in order to characterize Plaintiff's mild mental deficiency as a non-medically determinable impairment. Plaintiff has met his mild burden in demonstrating his mild mental deficiency was, at a minimum, a medically determinable impairment. Indeed, low intelligence routinely qualifies as a severe impairment, especially when it is coupled with an inability to read. See, e.g., Borries v. Astrue, No. 1:07CV00056MPWCS, 2008 WL 660327, at *7 (N.D. Fla. Mar. 7, 2008) ("A person of low intelligence often has the residual functional capacity to do certain kinds of work, but low intelligence has more than a minimal effect upon a person's ability to work, especially when it is coupled with an inability to read."). Accordingly, remand is warranted. Should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 27th day of April, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA