IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MILTON GIVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 316-036 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

_____

**O R D E R**
_____

On May 18, 2017, United States District Judge Dudley H. Bowen, Jr., granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned social security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 13, 15.) Plaintiff now moves for $2,872.24 in attorney's fees and $419.40 in expenses under the Equal Access to Justice Act ("EAJA"), and requests payment directly to Plaintiff's counsel. (Doc. no. 17.) The Acting Commissioner did not file an opposition brief.

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to [the litigant] as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).

Indeed, this approach has recently been followed in this District. See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of [the] EAJA [award] and pay [the award] directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt."). The Court therefore **GRANTS** Plaintiff's motion (doc. no. 17), and awards attorney's fees in the amount of $2,872.24 and costs in the amount of $419.40.[1] For the reasons discussed above, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States.

---

[1] Although Plaintiff seeks $419.40 in expenses for court costs and service of the summons and complaint, these are properly assessed as costs, not expenses. See 28 U.S.C. § 2412(a)(1), (d).

Additionally, Plaintiff moves for thirty days after he receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. §§ 406(b) and 1383(d)(2). (See doc. no. 18.) The Court will follow its usual practice of granting thirty days from the date of the closeout letter in which to apply for §§ 406(b) and 1383(d)(2) fees in the event that benefits are awarded on remand. See Jones v. Astrue, CV 310-038, doc. no. 12, p. 9, *adopted by* doc. no. 14 (S.D. Ga. May 25, 2011); Curry v. Astrue, CV 309-068, doc. no. 17, pp. 14-15, *adopted by* doc. no. 19 (S.D. Ga. Nov. 17, 2010). Accordingly, the Court **GRANTS** the motion (doc. no. 18) and Plaintiff will have thirty days from the date he receives the Social Security closeout letter in which to move for attorney's fees.

SO ORDERED this 17th day of July, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA